UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARION KEITH NICHOLS,

    Plaintiff,

v.                                      Case No. 3:23-cv-1218-MMH-SJH

TARA S. GREEN and A. GELSEY,

    Defendants.

## ORDER

    Plaintiff Marion Keith Nichols, an inmate of the Florida Department of Corrections (FDC), initiated this action on October 16, 2023, by filing a pro se Complaint for Violation of Civil Rights (Doc. 1) under 42 U.S.C. § 1983. Nichols is proceeding on an Amended Complaint (AC; Doc. 6) with exhibits (Docs. 6-1 through 6-4), in which he names Tara S. Green, Clay County Clerk of Court, and A. Gelsey, Felony Intake Clerk, as Defendants. AC at 2. He contends Defendants violated his Eighth Amendment right against "excessive fines." Id. at 17.

    As to the specific facts underlying his claim, Nichols alleges that in his criminal case, the state court erroneously assessed a domestic violence surcharge in the amount of $1,608.00 ($201.00 x eight counts). Id. at 23. According to Nichols, section 938.08, Florida Statutes, provides that the court

may impose the domestic violate surcharge only when a defendant is convicted of certain enumerated offenses. Id. at 23–24; see also Doc. 6-2. Nichols asserts that he was not convicted of an enumerated offense. AC at 19, 24. He argues that Gelsey failed to act with due diligence to correct the error even though Nichols "twice contacted the Clay County Clerk of Court with this issue." Id. at 19. Nichols further contends that Green had "the duty to exercise her supervisory duty sufficiently to ensure her subordinates do not violate laws or ethics." Id. at 33. As relief, he requests damages. Id. at 5.

When Nichols filed his Complaint, he paid the filing fee in full. Nevertheless, the Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be

granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[1] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3

should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions[,]"which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the AC, the Court must read Nichols's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

This action is due to be dismissed pursuant to the Court's screening obligation. A judge acting within his or her judicial capacity is entitled to absolute immunity, and is not subject to civil suits for damages, unless they acted "in the clear absence of all jurisdiction." Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotation marks and citations omitted). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of

5

his or her jurisdiction." Id. Similarly, court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction, and only qualified immunity from all other actions for damages." Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. June 1981)[2]; see also Roland v. Phillips, 19 F.3d 552, 556 n.4 (11th Cir. 1994).

In this case, Nichols alleges Gelsey "failed to correct fines imposed on [Nichols] outside statutory authority." AC at 4. The Court initially notes that it does not appear Gelsey had the authority to alter the costs associated with Nichols's criminal sentence. Indeed, the judgment entered by the state court judge included the amount of court costs, fees, and fines imposed at sentencing. See State v. Nichols, No. 2017-CF-001036 (Fla. 4th Cir. Ct.).[3] And, as Nichols concedes, the state court judge entered an amended judgment to reflect "correct statute costs." AC at 20–21; see also Doc. 6-4 at 1, 12. Regardless, Gelsey is entitled to immunity from damages. The state court issued a judgment which provided for the costs and fines associated with Nichols's criminal sentence. In

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] The Court takes judicial notice of Nichols's state court docket. See McDowell Bey v. Vega, 588 F. App'x 923, 927 (11th Cir. 2014) (finding district court did not err in taking judicial notice of the plaintiff's state court docket when dismissing § 1983 action).

collecting those fines, Gelsey acted pursuant to a court order. As such, the claim against Gelsey is due to be dismissed.

In addition, it appears Nichols intends to hold Green liable based on her supervisory position as the Clay County Clerk of Court. The Eleventh Circuit has held that "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). To establish individual liability for supervisory conduct, a plaintiff must show "that the supervisor either directly participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." Keith v. DeKalb Cnty., 749 F.3d 1034, 1047–48 (11th Cir. 2014).

> Causation "may be established and supervisory liability imposed where the supervisor's improper custom or policy results in deliberate indifference to constitutional rights." Id.[4] (alterations adopted) (internal quotation marks omitted). "A plaintiff can also show that the absence of a policy led to a violation of constitutional rights." Piazza,[5] 923 F.3d at 957. "Either way, though, to prove that a policy or its absence caused a constitutional harm, a plaintiff must point to multiple incidents, or multiple reports of prior

---

[4] Hartley v. Parnell, 193 F.3d 1263 (11th Cir. 1999).
[5] Piazza v. Jefferson Cnty., 923 F.3d 947 (11th Cir. 2019).

7

>> misconduct by a particular employee." Id. (citation omitted). And allegations of a single incident of unconstitutional conduct cannot state a claim for supervisory liability, even when the conduct involves several subordinates. Id. at 957–58.

Ingram v. Kubik, 30 F.4th 1241, 1254 (11th Cir. 2022). Here, Nichols fails to allege Green personally participated in the purported violation of his rights. Neither has Nichols alleged facts suggesting a sufficient causal connection between Green's actions and the alleged constitutional violations. Thus, Nichols has failed to state a claim against Green.

Accordingly, it is now **ORDERED:**

1. This case is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A.

2. The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of October, 2024.

MARCIA MORALES HOWARD
United States District Judge

8

Jax-9 10/17
c:     Marion Keith Nichols, #G40173